Erica Lord, WVSB # 9109
D. Adrian Hoosier, II, WVSB # 10013



(p) 304-345-8030
(f) 304-553-7227

September 27, 2016

Coronado Coal, LLC
c/o National Registered Agents, Inc.
5400 D. Big Tyler Road
Charleston, WV 25313

    Re:   Adams v. Coronado Coal, LLC

To Whom It May Concern:

Mike was working for Cliffs Logan County Coal, War Eagle Mine, though Coronado Coal, LLC from January 2011 though January 2015 when he was wrongfully terminated. Mike worked as a Communications Worker. Mike was making $25.14/hour, and with overtime was making approximately $80,000/year. Mike had a full range of benefits including health, dental, vision, 401k, retirement, STD/LTD, life insurance, paid time off, vacation pay, and other benefits. This made his yearly compensation in excess of $100,000.00. Mike was only 36 years old when he was wrongfully terminated and had at least another 29 years to work.

Around November 2014 Mike was forced off on SDT ("Short Term Disability") due to a heart attack and a stint placement procedure. Mike was weary of taking the STD because he feared he would lose his job. However, before he left, Nathan Brada, mine superintendent, promised Mike his job was safe, that he would be returning to work at the same position, and making the same money when he returned. Mike relied on these promises and accepted STD. He was given an acceptance letter from Coronado Coal, LLC for his position with the new company that had previously operated as Cliffs Logan County Coal - or one of its sister corporations.

Mike was cleared to return to work a few months later in January 2015 based on the acceptance letter with Coronado. With the acceptance letter in hand Mike did return to work on or about January 20-23, 2015. He went to the human resources officer, Jack Pauley, and was told that he wasn't sure if Mike still had his job. Mr. Pauley told Mike that he was in fact terminated while out on STD about a day after Mike met with Mr. Pauley.

Further, Mike also voiced concerns about the location of the oil containment area. Mike complained that the area was too close to the drift mouth, which would have been a MSHA violation. These complaints were made to David Booth. Later, a MSHA inspector confirmed the violation which was an expensive change that the mine didn't want to make, and wouldn't have had to make but for Mike's complaints and the

ensuing MSHA inspection. Further, the lighting in the area was inadequate, which Mike also complained about.

Lastly, there was another worker's compensation related incident wherein Mike was slammed into his fork-lift seat by unsafe equipment. He was taken to the hospital in Logan but not permitted to file a compensation claim. Instead, he was forced to sit in the "egg" or dispatch office to recover, so the incident wouldn't be reported as a "loss-time" accident that would likely increase the mines worker's compensation rates. Mike felt that if he filed a compensation claim he would be terminated.

Therefore, clear discrimination exists concerning Mike's termination. The documentary evidence will clearly prove that he was on STD when terminated. It will also prove that Mike relied on the mines representations that he would have a job on return after STD leave and that his pay and benefits would not be changed. Finally, we can prove that his job was terminated due to the mine's retaliation for his complaints that lead to MSHA violations and expenses that had to be incurred by the mine.

The Mine's actions to terminate Mike are in violation of the W.Va. Human Rights Act as the future Defendants have provided deferential treatment on the basis of disability ("perceived as/regarded as disabled"). Further, Mike is of a protected age classification and was replaced with a substantially younger worker. Under W. Va. Code §§ 5-11-3 and 5-11-9 no employer shall discharge an employee on the basis of race, religion, color, national origin, ancestry, sex, **age**, blindness, or **disability**. W.Va. Code § 23-5A-3 states that no employer shall terminate an injured employee while the injured employee is unable to work due to a compensable injury, and is receiving, or is eligible to receive, temporary total disability benefits, except where the injured employee committed a separate offense warranting discharge.

The Mine is also in violation of public policy. *Harless v. First Nat'l Bank of Fairmont*, 246 S.E.2d 270 (W. Va. 1978). Case law in West Virginia makes it illegal for the mine to provide differential treatment to employees with concerns or work place safety or to discriminate against employees in violation of state and federal legislation. *Lilly v. Overnight Transp. Co.*, 425 S.E.2d 214 (W. Va. 1992) (work place safety), *Wiggins v. Eastern Associated Coal Corp.*, 357 S.E.2d 745 (W. Va. 1987) (safety procedures), *Collins v. Elkay Mining Co.*, 371 S.E.2d 46 (W. Va. 1988) (company policy), *Wounaris v. West Virginia State College*, 588 S.E.2d 406 (W. Va. 2003) (internal complaints) Furthermore, no employer shall engage in any form of reprisal, or otherwise discriminate against a person who files a complaint under the West Virginia Human Rights Act, or opposes any of the forbidden practices contained in the Act), W. Va. Code § 6C-1-3 (no public employer may discharge or discriminate against an employee who has made a good faith report about instances of wrongdoing or waste (whistle-blower)), W. Va. Code § 22A-1-22 (no employer shall discharge or otherwise discriminate against a miner who has notified a supervisor or authorized official of any alleged mine safety violation or danger, has filed a proceeding under West Virginia's mine safety laws, or has testified in any mine safety proceeding). Mike also has claims under the ADEA, ADA, and FMLA. The Age Discrimination in Employment Act ("ADEA")

(prohibits discrimination based on age against a person 40 years of age or older. The Act also prohibits retaliation against anyone who has opposed a practice made unlawful under the Act), The Americans with Disabilities Act ("ADA") (prohibits discrimination against qualified individuals with disabilities and individuals "regarded as" having disabilities. The Act also prohibits retaliation against anyone who has opposed a practice made unlawful under the Act), The Family and Medical Leave Act ("FMLA") (prohibits discrimination and/or retaliation against employees who use FMLA leave), finally there are many federal laws that prohibit retaliation against employees who make complaints or exercise rights under those laws, e.g., the Occupational Safety and Health Act, the Federal Mine Safety and Health Act, and the Clean Air Act.

The actions and inactions of these leading mining corporations shock me. Mike was clearly complaining about work place safety and suffering a work place injury. This wrongful discharge entitles Mike to a host of damages including by not limited to the following:

- Emotional Distress - *Akers v. Cabell Huntington Hosp., Inc.*, 599 S.E.2d 769, 777 (W. Va. 2004) (holding that emotional distress damages are available under the Act) (to be determined);
- Front pay and Back pay ($100,000 per year for at least another 30 years or nearly $3,000,000.00) (Mike's birth day is 1-6-78, expected retirement age is 65);
- Punitive damages and legal fees - Syllabus point 4, *Haynes v. Rhone-Poulenc, Inc.*, 521 S.E.2d 331 (W. Va. 1999) (to be determined); and
- Benefits

Based on the above the potential Defendants have an option to settle this case now, or pay additional legal fees to defend these very valid and easily provable claims. The demand of **$1,500,000.00** is based on lost wages (approximately $100,000.00 per year up to age 65 -- or around 30 years which could easily approach $3,000,000.00) and other damages that would not go over well with a jury considering the potential Defendants apparently "forgot" Mike was off on disability.

Please do not contact Larry as he is already very distressed about these actions.
Please do contact me to discuss settlement.

Very Truly Yours,

D. Adrian Hoosier, II